[Civ. No. 2969. First Appellate District, Division One.—December 8, 1919.]

## GEORGE BLANCHARD et al., Respondents, v. JOSEPH SCARPA, Appellant.

[1] ESTRAYS—DEMAND FOR COMPENSATION—EVIDENCE.—In an action for claim and delivery of certain livestock claimed by the defendant to have been lawfully impounded under the act concerning estrays, evidence that at the time the plaintiff and one of his employees demanded the possession of the livestock the defendant demanded payment of a dollar and a half a head, instead of fifty cents, before he would give them up, will not support a finding that the amount of money demanded "was not demanded or claimed under the provisions of the act . . . but as damages for the property of said defendant which he claimed to have suffered at other times than the time at which said taking up took place."

[2] ID.—RIGHT OF TAKER-UP TO LIEN—DUTY OF OWNER TO TENDER COMPENSATION.—In such action the trial court having found that the defendant had properly taken up the plaintiffs' stock under the Estray Act, and having found that the said defendant is entitled to the sum of forty-two dollars for his expenses and costs incurred for the keeping and care of said estrays while they were in his possession, the defendant is entitled, under said act, to his lien upon the stock until the owners have tendered to him the amount to which he is entitled in satisfaction of his said lien. No such tender having been made, the plaintiffs are not entitled to the possession of their property, unless the defendant has waived his right to insist on the said lien.

[3] ID.—DEMAND FOR LARGER SUM THAN ENTITLED—WAIVER OF LIEN—DUTY OF OWNERS TO MAKE PROPER TENDER.—The fact that the defendant, at the time of the plaintiffs' demand for the possession of the stock, claimed a larger sum than that to which he was entitled under the provisions of the Estray Act, would not constitute a waiver of his right to insist on his lien upon the stock. Under section 4 of said act it was the express duty of plaintiffs, if dissatisfied with the amount charged by the defendant, to have tendered to him the amount to which he was properly entitled before commencing suit for the recovery of the possession of their said property.

APPEAL from a judgment of the Superior Court of Santa Clara County. P. F. Gosbey, Judge. Reversed.

1. Meaning of term "estray" as applied to animals, notes, 9 Ann. Cas. 284; Ann. Cas. 1912B, 1081.

The facts are stated in the opinion of the court.

George D. Collins, Jr., for Appellant.

Louis Oneal for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiffs and against the defendant in an action for claim and delivery of certain livestock claimed by the defendant and appellant to have been lawfully impounded by him under the act concerning estrays. Upon the trial of the case the court found that the plaintiffs were at all times the owners of the stock in question, and further found that on the sixth day of October, 1916, the animals in question were taken into possession by the defendant as estrays, and that said animals were at the said time of their taking estrays under the terms and meaning of the act of the legislature entitled "An act relating to estrays, etc.," approved March 23, 1901, and, with its several amendments, in force at the time of the impounding of said animals by the defendant. The court further found that the defendant had incurred expenses and costs by reason of the taking up of such stock amounting in all to the sum of forty-two dollars, being at the rate of fifty cents per day for the keeping and care of each head of stock for the period of one day.

[1] The foregoing findings of the court were sufficiently supported by the evidence in the case; but the trial court, in making these findings, further found "that before the commencement of this action plaintiffs demanded of defendant possession of said personal property, but that said defendant wrongfully refused to deliver possession of said personal property or any of it to these plaintiffs unless said plaintiffs pay to said defendant a certain sum of money, but that said sum was not demanded or claimed under the provisions of the act above set forth but as damages to the property of said defendant which he claimed to have suffered at other times than the time at which said taking up took place." We have scrutinized the record in vain to find any evidence whatever which supports the portion of the above finding wherein, after reciting that the defendant demanded of said plaintiffs the payment of a certain sum

of money as the condition of the redelivery to them of their said personal property, it is declared, "but said sum was not demanded or claimed under the provisions of the act above set forth, but as damages to the property of said defendant which he claimed to have suffered at other times than the time at which said taking up took place." The only evidence which the record contains on this subject is that embraced in the testimony of the plaintiff Blanchard in said action, and of his employee McNamara, each of whom stated that at the time they demanded the possession of the plaintiffs' property the defendant demanded payment of a dollar and a half a head before he would give them up. There is nothing whatever in the record which we have been able to discover which in any way tends to show that this demand on the part of the defendant was predicated upon a claim for damages other than that arising out of the fact that he had impounded said stock as estrays. The evidence in the case is also lacking in any showing that the plaintiffs, either at the time of said demand or at any time prior or subsequent to the commencement of this action, tendered to said defendant any sum whatever in payment of the sum to which he would have been entitled under the provisions of the Estray Act as a condition precedent to the retaking of said stock. On the contrary, the record discloses that the plaintiffs at all times insisted that said animals were not estrays within the meaning of said act, and that said defendant was entitled to no sum whatever for the keeping and care of said stock.

The judgment of the trial court, based upon its foregoing findings of fact, was that the plaintiffs were entitled to recover the possession of their said stock, and were also entitled to their costs, and that the defendant was entitled to recover from the plaintiffs the sum of forty-two dollars, being the amount to which he was entitled under the terms of the Estray Act.

The defendant appeals from said judgment, and upon said appeal insists that he is entitled to a reversal thereof. We are unable to see how this contention can be seriously disputed. [2] The trial court having found that the defendant had properly taken up the plaintiffs' stock under the Estray Act, and having found that the said defendant was entitled to the sum of forty-two dollars for his expenses and

costs incurred for the keeping and care of said estrays while
they were in his possession, it follows necessarily that the
defendant was entitled to his lien upon the stock in question
under the Estray Act until the owners of said stock had
tendered to him the amount to which he was entitled, under
said act, in satisfaction of his said lien. No such tender
having been made, the plaintiffs were clearly not entitled
to the possession of their property at the time this action was
brought, unless it should appear that the defendant had
waived his right to insist on the said lien. [3] The evi-
dence discloses no such waiver; and while it is true that the
defendant, at the time of the plaintiffs' demand for their
said property, claimed a larger sum than that to which he
was entitled under the provisions of the Estray Act, never-
theless, under the express terms of section 4 of said act,
it was the duty of the plaintiffs, if dissatisfied with the
amount charged by the taker-up for costs and expenses, to
have tendered to him the amount to which he was properly
entitled before commencing suit for the recovery of the pos-
session of their said property. The section of the act in
question further expressly provides that "No return of
such animal or animals shall be adjudged until the plaintiff
shall pay to the defendant, or deposit in court payable to
him, the amount of all such expenses." These being the
terms of the law relating to estrays, it was clearly the duty
of the trial court to have sustained the defendant's lien and
to have provided in its judgment for the full payment of
the amount to which it had held the defendant entitled.
Its judgment was, therefore, erroneous in awarding to the
plaintiffs the possession of their said property, and in mulct-
ing the defendant with the costs of the action; and this
error was in no wise cured by the further action of the
court in giving the defendant a judgment against the plain-
tiffs for the amount to which he was lawfully entitled under
the Estray Act and for the payment of which he was en-
titled to the benefit of his lien.

It follows that the judgment must be reversed, and it is
so ordered.

Kerrigan, J., and Waste, P. J., concurred.